UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Anitra D. Jenkins,  Case No. 21-CV-1615 (DSD/KMM)

    Petitioner,

v.  **REPORT AND RECOMMENDATION**

Warden Star and Director Carvajal,

    Respondents.

---

Petitioner Anitra D. Jenkins neither paid the filing fee nor applied for *in forma pauperis* ("IFP") status upon commencing this action. Upon receiving Ms. Jenkins's petition for a writ of habeas corpus, the Clerk of Court informed Jenkins that she would be required to submit either the filing fee or an IFP application, failing which this action could be summarily dismissed without prejudice. *See* ECF No. 2; D. Minn. L.R. 4.2. More than 30 days has now passed since Ms. Jenkins was informed that failure to submit the filing fee or an IFP application could result in dismissal of this action, and yet Ms. Jenkins has not yet submitted either of those things; in fact, Ms. Jenkins has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to

prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

This Court notes that even had Ms. Jenkins elected to prosecute this action, dismissal of this matter would nevertheless be warranted. Although she was previously incarcerated at the Federal Correctional Institution in Waseca, Minnesota, Ms. Jenkins is no longer detained within the District of Minnesota and was not detained in this District at the time she filed her habeas petition. Accordingly, this Court lacks jurisdiction the petition for a writ of habeas corpus filed by Ms. Jenkins. *See* 28 U.S.C. § 2241(a).

In any event, although Ms. Jenkins has filed a habeas petition, she is not, in fact, seeking habeas corpus relief (i.e., more expedient release from her detention). Instead, Ms. Jenkins requests that the Court order the Federal Bureau of Prisons to supply her with documentation that would allow her to prepare an administrative appeal from disciplinary proceedings. But "[i]f the prisoner is not challenging the validity of [her] conviction or the length of [her] detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Although Ms. Jenkins's ultimate goal is to have the disciplinary measures vacated and good-time credit restored, the remedy she seeks in *this* action is limited only to the turning over of documents and the granting of additional time in which to pursue an administrative appeal. *See* Petition at 5 [ECF

No. 1]. This is a request for traditional civil relief, not habeas corpus relief.[1] And although this action might in other circumstances be converted from a habeas corpus action to a civil action, *see Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014), the point remains that Ms. Jenkins has not applied for IFP status or submitted the filing fee for this matter — a filing fee that would be substantially greater should this matter be interpreted as a civil action, *see* 28 U.S.C. § 1914, and a filing fee which Ms. Jenkins would be required to pay even if granted IFP status, *see* 28 U.S.C. § 1915(b).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Date: August 16, 2021                    *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[1] Should Ms. Jenkins later decide to pursue this civil relief, she may do so in the judicial district in which she is now detained. *See* 28 U.S.C. § 1391(e)(1)(C).

3